**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
10 Bank Street, Suite 700
White Plains, NY 10606
Telephone: (914) 949-2909
Christopher F. Graham, Esq.
Kelly Robreno Koster, Esq.

*Counsel for Adjusted Debtor and Proposed Intervenor-Defendant*
*Suffolk Regional Off-Track Betting Corporation*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SUFFOLK REGIONAL OFF-TRACK BETTING CORPORATION,<br><br>                Adjusted Debtor. | Chapter 9<br>Case No. 12-43503-CEC |
| JENNIFER TOMASINO, KEVIN MONTANO, RICHARD MEYER, and APRYL L. MEYER,<br><br>                Plaintiffs,<br><br>    -against-<br><br>INCORPORATED VILLAGE OF ISLANDIA, BOARD OF TRUSTEES OF THE VILLAGE OF ISLAND, GERALD PETERS, in his capacity as Incorporated Village of Islandia Building Inspector and DELAWARE NORTH ISLANDIA PROPERTIES, LLC, a/k/a DELAWARE NORTH,<br><br>                Defendants,<br><br>    - and-<br><br>SUFFOLK REGIONAL OFF-TRACK BETTING CORPORATION,<br><br>                Proposed Intervenor-Defendant. | Adv. Proc. No. _____ |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C.A. § 1452 and Fed. R. Bankr. P. 9027, the action entitled Jennifer Tomasino, Kevin Montano, Richard Meyer and April Meyer v. Incorporated Village of Islandia, Board of Trustees of the Incorporated Village of Islandia, Gerald Peters, in his capacity as Incorporated Village of Islandia Building Inspector and Delaware North Islandia Properties, LLC, a/k/a Delaware North, commenced in the Supreme Court of the State of New York for the County of Suffolk, Index No. 602780/2018 (the "Action"), is removed by the Proposed Intervenor-Defendant Suffolk Regional Off-Track Betting Corporation (hereinafter "Suffolk OTB"), to the United States Bankruptcy Court for the Eastern District of New York by the filing of this Notice of Removal with the Clerk of the United States Bankruptcy Court for the Eastern District of New York. Proposed Intervenor-Defendant Suffolk OTB by and through its attorneys, Eckert Seamans Cherin & Mellott, LLC respectfully states the following as grounds for removing the Action:

## PROCEDURAL HISTORY

1. Suffolk OTB has made a Motion to Intervene in the Action, the grounds for which are set forth in detail in Suffolk OTB's Memorandum of Law in Support of its Motion to Intervene.

2. Suffolk OTB removes the Action to the United States Bankruptcy Court for the Eastern District of New York pursuant to the provisions of to 28 U.S.C.A. § 1452 and Fed. R. Bankr. P. 9027.

3. The Plaintiffs commenced the Action by filing a Summons and Complaint on February 12, 2018. A copy of the Summons and Complaint is attached as **Exhibit A**.

4. In the Complaint, Plaintiffs bring various causes of action related to the VLT Facility operated by Suffolk OTB and its operating partner Delaware North Islandia Properties, LLC.

5. In the Complaint, the Plaintiffs seek declaratory relief that the zoning amendment passed by the Village of Islandia was unlawful and that the VLT Facility's Certificate of Occupancy [*See* Dckt. No. 744] is null and void.

6. The Plaintiffs further seek a permanent injunction against the operation of the VLT Facility.

7. Fed. R. Bankr. P. 9027 states that a Notice of Removal must be filed within thirty (30) days of receipt of the complaint. Suffolk OTB's Notice of Removal has been timely filed while Suffolk OTB's Motion to Intervene in the Action is pending.

8. A copy of the written notice required by Fed. R. Bankr. P. 9027, addressed to the parties to the removed claim, is attached as **Exhibit B** and will be filed in the Supreme Court for Suffolk County and served on Plaintiffs after the filing of this Notice of Removal in the United States Bankruptcy Court for the Eastern District of New York.

## JURISDICTION AND VENUE

9. This Notice of Removal is filed under the provisions of 28 U.S.C.A. § 1452 and Fed. R. Bankr. P. 9027 on the grounds that jurisdiction and venue are proper in the Bankruptcy Court.

10. Suffolk OTB consents to the entry of final orders or judgment in the Action by the Bankruptcy Court.

11. The Bankruptcy Court has jurisdiction of this matter under 28 U.S.C. §§ 157 and 1334.

12. This is a core proceeding under 28 U.S.C. § 157(b)(2). Plaintiffs' request for an injunction against the VLT Facility directly impacts the Confirmed Plan [Dckt. No. 318] in Bankruptcy Court Case No. 12-43503.

13. Venue is proper before the Bankruptcy Court under 28 U.S.C. §§ 1408 and 1409.

**WHEREFORE**, Intervenor-Defendant Suffolk OTB removes the Action, currently docketed in the Supreme Court of the State of New York for the County of Suffolk, Index No. 602780/2018, to the United States Bankruptcy Court for the Eastern District of New York and requests that upon Suffolk OTB's Motion to Intervene being granted, this Court assume complete jurisdiction over the Action and exclude any further proceedings in the Supreme Court for Suffolk County.

Dated: White Plains, New York
      March 14, 2018

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: */s/ Christopher F. Graham*
Christopher F. Graham, Esq.
Kelly Robreno Koster, Esq.
10 Bank Street, Suite 700
White Plains, New York 10606
Telephone: (914) 949-2909

*Counsel for Adjusted Debtor and Proposed Intervenor-Defendant Suffolk Regional Off-Track Betting Corporation*